Cathy BETHEA, Petitioner,

v.

## DEPARTMENT OF THE ARMY, Respondent.

No. 04–3013.

United States Court of Appeals, Federal Circuit.

Aug. 11, 2004.

Rehearing En Banc Denied Oct. 20, 2004.

Cathy Bethea, of Counsel Attorney, Washington, DC, pro se.

Cristina C. Ashworth, Principal Attorney, David M. Cohen, Franklin E. White, Jr., of Counsel Attorneys, Washington, DC, for Respondent.

Before NEWMAN, MICHEL, and BRYSON, Circuit Judges.

PER CURIAM.

Cathy Bethea petitions for review of the decision of the Merit Systems Protection Board, Docket No. DC0752020193–I–1, dismissing her appeal for lack of jurisdiction. We *affirm* the decision of the Board.

Background

In 1985 Ms. Bethea began employment as a Supply Clerk with the Army Research Laboratory in Adelphi, Maryland, a GS–5 position. In October 1994 she left the ARL to take a GS–4 position with the Internal Revenue Service in Washington D.C. The following January, Ms. Bethea filed a complaint with the Army's Equal Employment Office complaining of discrimination and stating she had been forced to leave her job at the ARL because of many years of harassment. There followed litigation before the Army, the Equal Employment Opportunity Commission, the Merit Systems Protection Board, and the United States District Court for the District of Maryland, where she was a plaintiff in two class action discrimination suits against the ARL. The current Petition arose from Ms. Bethea's appeal to the MSPB of December 28, 2001, following an unfavorable decision by the Army issued December 3, 2001.

Before the MSPB, Ms. Bethea alleged that she had been forced to leave her position with the ARL because of harassment by agency personnel. She listed six incidents to establish the involuntariness of her departure for a position of lower grade: a 14–day suspension for refusing to leave a meeting to which she had not been invited, and the ensuing disruption she allegedly caused; her supervisor's failure to provide her with the necessary form to receive continued compensation while she was absent from work following an injury sustained by falling on ice in the parking lot; failure of the ARL to provide reasonable accommodation for carpal tunnel syndrome; failure to provide reasonable accommodation for partial blindness in one eye; an erroneous report by her supervisor to the security office in which he expressed his suspicion that she might have vandalized his automobile in retaliation for the 14–day suspension; and an unfavorable performance appraisal. The Administrative Judge considered each of these allegations and determined that, taken together, they did not amount to conditions whereby her resignation would be deemed involuntary, amounting to an involuntary reduction in grade. The full Board declined review, and this appeal followed.

Discussion

Ms. Bethea complains that she was not provided a fair hearing by the Board and essentially re-argues the facts of her case. Her allegations of procedural errors include the AJ's refusal to order the Agency to produce all of the witnesses she requested; the AJ's refusal to consider events the AJ deemed too remote in time to have contributed to Ms. Bethea's decision to resign, such as a suspension in 1989; and perceived hostility from the AJ.

Administrative judges have broad discretion in the conduct of their hearings. Although we can form no opinion as to the AJ's demeanor toward Ms. Bethea, the other procedural contentions were reasonably within the AJ's discretionary authori-

ty. It is appropriate for an AJ to limit the evidence to that reasonably probative of the issues in dispute, including the number and identities of the witnesses. No abuse of discretion has been shown in this ruling.

As for the AJ's factual determinations, they have not been shown to be unsupported by substantial evidence. The Agency's failure to reasonably accommodate her disabilities was given little weight by the AJ because of Ms. Bethea's failure to provide documentation to the ARL that she indeed had these disabilities. The 14-day suspension for disruption of a meeting and refusal to leave was not shown to be unreasonable. And no error has been shown in the AJ's determination that the failure to timely submit the "continuation of pay" paperwork was Ms. Bethea's fault rather than her supervisor's. The Board's decision must be affirmed.